FILED

**NOT FOR PUBLICATION**

AUG 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY E. HOWARD, et al., | No. 10-35768 |
| Plaintiffs - Appellants, | D. C. 2:08-cv-00365-RMP |
| v. | MEMORANDUM[*] |
| UNITED STATES OF AMERICA, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for Eastern Washington, Spokane
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted July 13, 2011
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN, Senior
District Judge.[**]

Dr. Larry E. Howard and Joan M. Howard (jointly, the "Taxpayers") appeal the

district court's grant of summary judgment in favor of the United States on their claim

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District
Court for Eastern New York, Brooklyn, sitting by designation.

for a refund of a tax deficiency and interest payment. The Taxpayers maintain that the goodwill proceeds from the sale of Dr. Howard's dental practice were personal assets subject to federal income taxation as long-term capital gain. The government contends that the goodwill proceeds belonged to Dr. Howard's professional service corporation (the "Howard Corporation"), which the Internal Revenue Service properly recharacterized as a dividend payment. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's grant of summary judgment *de novo*. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

Goodwill "is the sum total of those imponderable qualities which attract the custom of a business,—what brings patronage to the business." *Grace Brothers v. Comm'r*, 173 F.2d 170, 175–76 (9th Cir. 1949). For purposes of federal income taxation, the goodwill of a professional practice may attach to both the professional as well as the practice. *See, e.g., Schilbach v. Comm'r*, 62 T.C.M. (CCH) 1201(1991). Where the success of the venture depends entirely upon the personal relationships of the practitioner, the practice does not generally accumulate goodwill. *See Martin Ice Cream Co. v. Comm'r*, 110 T.C. 189 at 207–08 (1998). The professional may, however, transfer his or her goodwill to the practice by entering into an employment contract or covenant not to compete with the business. *See, e.g., Norwalk v. Comm'r*, 76 T.C.M. (CCH) 208, *7 (1998) (finding that there is no corporate goodwill where

2

"the business of a corporation is dependent upon its key employees, *unless* they enter into a covenant not to compete with the corporation or other agreement whereby their personal relationships with clients become property of the corporation") (emphasis added); *Martin Ice Cream Co.*, 110 T.C. at 207–08 (finding that "personal relationships . . . are not corporate assets when the employee has *no* employment contract [or covenant not to compete] with the corporation") (emphasis added); *Macdonald v. Comm'r*, 3 T.C. 720, 727 (1944) (finding "no authority which holds that an individual's personal ability is part of the assets of a corporation . . . where . . . the corporation does *not* have a right by contract or otherwise to the future services of that individual") (emphasis added). In determining whether goodwill has been transferred to a professional practice, we are especially mindful that "each case depends upon particular facts. And in arriving at a particular conclusion . . . we . . . take into consideration all the circumstances . . . [of] the case and draw from them such legitimate inferences as the occasion warrants." *Grace Brothers v. Comm'r*, 173 F.2d 170, 176 (9th Cir. 1949).

In the instant case, Dr. Howard worked for the Howard Corporation pursuant to an employment contract by which he agreed "to practice dentistry solely as an employee of the [Howard] Corporation and . . . [to] devote his entire professional time to the affairs of the [Howard] Corporation." Under this agreement, the Howard

3

Corporation retained "complete control and authority with respect to the acceptance or refusal of any client" and "all files . . . and other records concerning clients of the [Howard] Corporation . . . belong[ed] to . . . the [Howard] Corporation." In addition to the employment contract, Dr. Howard agreed not to "engage . . . in any business . . . competitive to that of the [Howard Corporation,]" as "long as [Dr. Howard] h[eld] any stock [in the Howard Corporation]" and for a period of three years thereafter. Under these circumstances, while the relationships that Dr. Howard developed with his patients may be accurately described as personal, the economic value of those relationships did not belong to him, because he had conveyed control of them to the Howard Corporation.

Pursuant to the underlying purchase agreement, the buyer obtained the goodwill of the dental practice. The purchase agreement provides that "[t]he personal goodwill of the [p]ractice . . . [was] established by Dr. Howard . . . [and] is based on the relationship between Dr. Howard and the patients." To preserve the value of the goodwill, Dr. Howard entered into a restrictive covenant with the buyer, (the "Covenant Not to Compete"). In accordance with the Covenant Not to Compete, both Dr. Howard and the Howard Corporation agreed "not to practice dentistry . . . within a radius of ten . . . miles from the [practice] . . . until three . . . years from the date [Dr. Howard and the Howard Corporation] discontinue[] . . . dentistry [at the practice.]"

4

Along with the Covenant Not to Compete, the *Howard Corporation* executed a provider agreement with Bryan K. Finn, DDS, PS, the buyer's professional service corporation.

The Taxpayers make two arguments based on the language of the purchase agreement. First, they rely on the declaration that the goodwill "represents a personal, non-corporate asset that is being conveyed individually by Dr. Howard . . . ." The argument that this clause is dispositive of the issue whether the goodwill belonged to the Howard Corporation or to Dr. Howard is without merit. By now it is well settled that "the incidence of taxation depends upon the substance, not the form of [a] transaction." *Comm'r v. Hansen*, 360 U.S. 446, 463 (1959). As a result, we "look[] to the objective economic realities of a transaction rather than to the particular form the parties employed." *Frank Lyon Co. v. United States*, 435 U.S. 561, 573 (1978). Self-serving language in a purchase agreement is not a substitute for a careful analysis of the realities of the transaction.

Second, the Taxpayers contend that the purchase agreement impliedly terminated both the employment contract and the non-competition agreement, thereby transferring the accumulated goodwill of the practice back to Dr. Howard. This argument appears to be inconsistent with the agreement entered into between the Howard Corporation and the buyer by which the Howard Corporation arranged for Dr.

5

Howard to provide "dental treatment on the patients of [the buyer.]" Dr. Howard was compensated for the services he rendered to the buyer by the Howard Corporation—an arrangement that lasted for approximately three years and during which the Howard Corporation paid all of Dr. Howard's operating expenses. Nevertheless, even if we accept the premise that the purchase agreement terminated both the employment contract and the non-competition agreement, such a release would constitute a dividend payment, the value of which would be equivalent to the price paid for the goodwill of the dental practice. *See* 26 U.S.C. § 316(a) (a "dividend" is "any distribution of property made by a corporation to its shareholders"); 26 U.S.C. § 301(b)(1) ("the amount of any distribution shall be the amount of money received, plus the fair market value of . . . property received"); 26 U.S.C. § 301(c)(1) ("that portion of [a] distribution which is a dividend . . . shall be included in gross income").

Finally, the Taxpayers concede that Dr. Howard chose to conduct his business as a C corporation to take advantage of tax benefits that accrued to him over the years. As one of the members of the panel aptly observed at oral argument, "so having then made himself available to the advantages of using the corporation, and having entered into the agreements that he did with the corporation, then why should we try then to allow him . . . out of what he got himself into." Audio Recording of Oral Argument,

6

*Howard v. United States*, No. 10-35768 (9th Cir. July 13, 2011). Dr. Howard has offered no compelling reason why he should be let out of the corporate structure he chose for his dental practice.

The judgment of the district court is **AFFIRMED**.